IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN ORTIZ, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|   v. | : | |
| | : | |
| SURPERINTENDENT, SCI DALLAS, | : | |
|  et al., | : | NO. 11-5099 |
|     Respondents. | : | |

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Facility, in Dallas, Pennsylvania. For the reasons which follow, it is recommended that the petition be denied and dismissed.

I.    PROCEDURAL HISTORY

On May 28, 1999, following a jury trial presided over by the Honorable Forrest G. Schaeffer, petitioner was convicted of second degree murder, robbery, aggravated assault, recklessly endangering another person, possessing an instrument of crime, criminal attempt to commit theft by unlawful taking or disposition, and conspiracy to commit robbery. Specifically, petitioner was convicted of fatally shooting George Clauser, Jr., while attempting to rob Mr. Clauser's pizza store. On June 15, 1999, petitioner was sentenced to life imprisonment for second degree murder, a consecutive term of two and a half to five years for possessing instruments of crime and a consecutive term of ten to twenty years for conspiracy to commit

1

robbery.

Petitioner filed a direct appeal to the Superior Court. On June 13, 2000, the Superior Court affirmed petitioner's judgment of sentence. Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on May 8, 2001.

On May 15, 2001, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541, et seq. The court appointed counsel to represent petitioner. On November 27, 2001, appointed counsel filed a "no-merit" letter pursuant to Commonwealth v. Finely, 379 Pa. Super. 390, 550 A.2d 213 (1988) (en banc). On November 30, 2001, the PCRA court permitted counsel to withdraw and filed its Notice of Intent to Dismiss the PCRA petition. On January 22, 2002, the PCRA court denied petitioner's PCRA petition. Petitioner filed a notice of appeal to the Superior Court of Pennsylvania. On June 3, 2003, the Superior Court affirmed the PCRA court's dismissal of the PCRA petition.

On January 8, 2008, petitioner filed a second PCRA petition. Petitioner claimed to have exculpatory evidence that became available and would have changed the outcome of the trial. On March 25, 2008, the PCRA court filed its Notice of Intent to Dismiss. On June 23, 2008, the PCRA court dismissed petitioner's PCRA petition. Petitioner filed a notice of appeal to the Superior Court. The Superior Court affirmed the denial of post conviction relief, finding petitioner failed to meet any exceptions to the timeliness requirements because petitioner did not plead and prove that the exculpatory evidence could not have been obtained sooner exercising due diligence.

On December 11, 2009, petitioner filed a third PCRA petition. On February 1, 2010, counsel for petitioner filed a supplement to the PCRA petition. On March 30, 2010, the

PCRA court issued its Notice of Intent to Dismiss. The PCRA court dismissed the petition as untimely on May 3, 2010. Petitioner filed a notice of appeal to the Superior Court. The Superior Court affirmed the PCRA court's denial on March 7, 2011.

On July 14, 2011, petitioner filed a fourth PCRA petition. Petitioner claims after discovered evidence. That fourth PCRA petition is currently pending in the PCRA court.

Petitioner filed the instant petition for writ of habeas corpus on August 9, 2011.

This court finds that the petition for Writ of Habeas Corpus is premature since petitioner's fourth PCRA petition is currently pending and thus should be dismissed without prejudice.

II.     EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

Where an appeal is pending in state court, the exhaustion requirement is not satisfied. Thus, where an appeal or collateral challenge of a state criminal conviction is pending, the appellant must await the outcome prior to filing a petition for Writ of Habeas Corpus in federal court, regardless of whether the issues petitioner would raise in his petition have already been settled in the state courts.

In the case at bar, petitioner's fourth PCRA petition is still pending, and thus, petitioner is not eligible to make application for habeas relief. In theory, petitioner may succeed in his appeal, in which case petitioner could be awarded a new trial, rendering the instant petition for Writ of Habeas Corpus moot. As a result, we find the petition for Writ of Habeas Corpus premature, and we recommend that it be dismissed without prejudice.

The court notes that the respondents raised the issue that petitioner's habeas petition at bar is untimely. While, the court agrees that without the pending state PCRA petition the timeliness of petitioner's habeas petition would be at issue, it is ultimately recommended that the petition be dismissed without prejudice pending the state court's decision in petitioner's fourth PCRA petition.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of October, 2011, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE