IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ORTIZ,** | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT, SCI** | : | |
| **DALLAS, et al.,** | : | No. 11-5099 |
| Respondents. | : | |

## ORDER

**AND NOW**, this **6th** day of December, 2011, upon consideration of Magistrate Judge Linda K. Caracappa's Report and Recommendation, Petitioner's Objections to Report and Recommendation, and a review of the record, and for the following reasons, it is hereby **ORDERED** that:

1. The Report and Recommendation (Document No. 8) is **VACATED**.

2. Petitioner's Objections to Report and Recommendation (Document No. 9) are **SUSTAINED** insofar as Petitioner requests that the petition be stayed and abeyed. Consideration of the Petition for Writ of Habeas Corpus is **STAYED** pending resolution of Petitioner's Pennsylvania Post Conviction Relief Act petition.

3. This case shall be placed in administrative suspense. Petitioner and Respondents shall notify the Court within thirty days of the conclusion of the state court proceedings.[1]

---

[1] Petitioner Melvin Ortiz objects to the October 31, 2011 Report and Recommendation denying his Writ of Habeas Corpus without prejudice. He argues that his petition should instead be stayed and abeyed pending resolution of his Post Conviction Relief Act ("PCRA") petition in Pennsylvania state court. The Court agrees.

In 1999, Ortiz was convicted of second-degree murder and robbery, among other offenses. His judgment of sentence was affirmed on direct appeal to the Superior Court in 2000.

BY THE COURT:

[signature]

Berle M. Schiller, J.

---

Over the next decade, Ortiz filed three PCRA petitions, all of which were denied. On July 14, 2011, he filed a fourth PCRA petition, which is still pending, claiming after-discovered evidence. One of the claims in Ortiz's federal habeas petition is based on the same after-discovered evidence.

Ordinarily, federal courts must dismiss a habeas petition if it includes any claims that have not been exhausted in state court. *See* 28 U.S.C.A. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, a prisoner may file a "protective" petition containing an unexhausted claim and ask the federal court to stay and abey the petition until the claim is exhausted in state court. *See Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009) (relying on *Rhines v. Weber*, 544 U.S. 269 (2005), and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Stay and abeyance will only be granted upon a showing of: (1) good cause for the failure to exhaust, (2) a potentially meritorious claim, and (3) a lack of intentionally dilatory litigation tactics. *Id.*

Here, the unexhausted claim is based on the after-discovered statement of a witness suggesting that she committed perjury at Ortiz's trial, which Ortiz's counsel received shortly after May 31, 2011. Respondents contend that the fourth PCRA petition was untimely because the new statement is substantially similar to a statement Ortiz possessed in 2008. If the Court dismisses Ortiz's federal habeas claim and his fourth PCRA petition is subsequently denied as untimely, Ortiz's federal habeas claim will likely be time-barred. *See Pace*, 544 U.S. at 410 (holding that a state post-conviction petition rejected by the state court as untimely is not "properly filed" under 28 U.S.C. § 2244(d)(2) and thus will not toll the one-year statute of limitations for federal habeas claims). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* at 416. Ortiz's claim of after-discovered evidence is potentially meritorious, and there is no indication that Petitioner engaged in intentionally dilatory litigation tactics. Therefore, the Court will stay and abey the petition in this instance.